IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANSELMO SANCHEZ-SANCHEZ,

Defendant.

3:13-cr-00018-MA-1

OPINION

S. AMANDA MARSHALL
United States Attorney
District of Oregon
RYAN W. BOUNDS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Attorneys for Plaintiff

RUBEN L. INIGUEZ
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

Attorney for Defendant

MARSH, Judge

Defendant comes before the court for sentencing after being convicted of Illegal Reentry under 8 U.S.C. § 1326(a). In their

sentencing materials, the parties disputed the proper calculation of the Sentencing Guidelines. The government asserts that defendant's prior Rape III conviction under Or. Rev. Stat. § 163.355 categorically qualifies as a felony conviction for a "crime of violence" and warrants a sixteen-point Sentencing Guidelines enhancement. See U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2012). Defendant argues that only a four-point enhancement is appropriate because Oregon's Rape III statute does not qualify as a "crime of violence." See U.S.S.G. § 2L1.2(b)(1)(D) (2012). I find that Rape III under Or. Rev. Stat. § 163.355 is a felony "crime of violence" within the meaning of the Guidelines. Thus, the sixteen-point enhancement is appropriate.

**DISCUSSION**

To determine whether a state statute of conviction is a "crime of violence," the court applies the categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990). "'Under the categorical approach, we compare the elements of the statutory definition of the crime of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition.'" United States v. Gonzalez-Aparicio, 663 F.3d 419, 425 (9th Cir. 2011) (quoting United States v. Valencia-Barragan, 608 F.3d 1103, 1107 (9th Cir. 2010).

As relevant to this case, the Sentencing Guidelines define "crime of violence" to include federal, state, or local convictions for "forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, [and] sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).

The statute of conviction provides that "[a] person commits the crime of rape in the third degree if the person has sexual intercourse with another person under 16 years of age." Or. Rev. Stat. § 163.355(1). The parties agree that Rape III does not fit within the generic federal definition of "sexual abuse of a minor." Thus, the sixteen-point enhancement only applies if Oregon's Rape III statute is a categorical fit within the definition of either "forcible sex offense" or "statutory rape." I alternatively hold that it fits either generic federal definition.

**I. <u>Forcible Sex Offense</u>**

In <u>United States v. Banos-Mejia</u>, No. 11-10483, 2013 WL 1613222 (9th Cir. Apr. 16, 2013), the Ninth Circuit held that New York Penal Law § 130.30, which prohibits sexual intercourse between a defendant over eighteen years old and a victim under fifteen years old, categorically fits within the generic federal definition of "forcible sex offense" because "[s]ection 130.30(1) prohibits sexual intercourse with a person who is not legally competent to

consent because of her age." Banos-Mejia, 2013 WL 1613222, at *2. The Oregon Rape III statute here is materially indistinguishable from that which the Ninth Circuit encountered in Banos-Mejia. The Rape III statute provides that it is a Class C felony to have "sexual intercourse with another person under 16 years of age." Or. Rev. Stat. § 163.355. Thus, the Oregon Rape III statute qualifies categorically as a "forcible sex offense" because it "prohibits sexual intercourse with a person who is not legally competent to consent because of her age." Banos-Mejia, 2013 WL 1613222, at *2.

Defendant argues, with considerable force, that the Sentencing Commission did not intend for crimes regarding incapacity to consent based on the victim's youth to be analyzed as "forcible sex offenses" because it included "statutory rape" within the definition of "crime of violence." Thus, defendant submits, the Rape III statute is not a "forcible sex offense" because so finding would render the Commission's inclusion of "statutory rape" superfluous. See also United States v. Rangel-Castaneda, 709 F.3d 373, 379-80 (4th Cir. 2013); Gonzalez-Aparicio, 663 F.3d at 437 n.5 (Tashima, J., dissenting). Nonetheless, I follow the Ninth Circuit's decision in Banos-Mejia and hold that defendant's conviction under § 163.355 categorically qualifies as a "crime of violence" because it is a "forcible sex offense."

///

**II. Statutory Rape**

Even if Oregon's Rape III statute is not a "forcible sex offense" within the meaning of the Guidelines, I alternatively hold that it categorically qualifies as "statutory rape." "[T]he generic federal definition of 'statutory rape' is unlawful sexual intercourse with a person under the age of 16." United States v. Zamorano-Ponce, 699 F.3d 1117, 1119 (9th Cir. 2012). "The generic federal definition may also include a four-year-age-difference element." Id.; Gonzalez-Aparicio, 663 F.3d at 428-32. Ultimately, the generic federal definition of "statutory rape" is determined by its "'ordinary, contemporary, and common meaning.'" United States v. Gomez-Mendez, 486 F.3d 599, 602 (9th Cir. 2007) (quoting United States v. Lopez-Solis, 447 F.3d 1201, 1206-07 (9th Cir. 2006)).

Because Oregon's Rape III statute plainly satisfies the two certain elements of "statutory rape," but does not satisfy the potential age-difference element,[1] the existence of the four-year-age-difference element is determinative. This element's existence, however, is a difficult question. Gonzalez-Aparicio, 663 F.3d at 428. I conclude that the generic federal definition of "statutory rape" does not include a four-year-age-difference element.

---

[1] Oregon's statutory scheme provides a complete defense for defendants who are less than three years older than the victim. Or. Rev. Stat. § 163.345. The three-year age difference, however, is insufficient, and an affirmative defense may not be considered under the categorical approach. United States v. Velasquez-Bosque, 601 F.3d 955, 963 (9th Cir. 2010).

The Ninth Circuit's jurisprudence on the generic federal definition of "sexual abuse of a minor" is instructive. In Estrada-Espinoza v. Mukasey, the Ninth Circuit held that a state statute's elements must fit within the elements of 18 U.S.C. § 2243 to meet the federal generic definition of "sexual abuse of a minor." 546 F.3d 1147 (9th Cir. 2008); United States v. Medina-Villa, 567 F.3d 507, 514 (9th Cir. 2009). The Ninth Circuit thus "determined that 'the generic offense of 'sexual abuse of a minor' requires four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor.'" Medina-Villa, 567 F.3d at 514 (quoting Estrada-Espinoza, 546 F.3d at 1152). In Medina-Villa, the Ninth Circuit explained that the "abuse" requirement in "sexual *abuse* of a minor" mandated the age-difference and youth elements for statutes proscribing sexual conduct with older as well as younger adolescents - statutes the court termed "statutory rape" - because not all sexual conduct with adolescents is necessarily abusive. Id. at 514-15.

Medina-Villa and its progeny then clarified that statutes could also categorically qualify as "sexual abuse of a minor" under a second generic federal definition - if the statute regulates (1) sexual conduct; (2) with a minor; that (3) constitutes abuse, which may be established if the law targets physical or psychological

harm to the child or specifically proscribes sexual conduct with children under the age of 14. See id. at 513-16; Valencia-Barragan, 608 F.3d at 1106-08.

Both generic federal definitions of "sexual abuse of a minor," then, were crafted to ensure the state statutes proscribed abuse; the first through the age-difference and youth elements, and the second through the abuse element. As Medina-Villa suggests, however, not all statutory rape statutes target abusive conduct. Medina-Villa, 567 F.3d at 514-15. Thus, to require the youth and age-difference elements in the generic federal definition of "statutory rape" would render that term superfluous by including the abuse elements that were in part intended to distinguish "sexual abuse of a minor" from statutory rape.[2]

In addition, adding the four-year-age-difference element to the generic federal definition of "statutory rape" would exclude felony statutory rape statutes in 27 states because the state

[2] In Medina-Villa the court did note that "if we were to define 'sexual abuse of a minor' in U.S.S.G. § 2L1.2 as limited to § 2243, we would eliminate the need for the separate and independent example of 'statutory rape' as a 'crime of violence.'" Id. at 515. I acknowledge that this sentence, read in isolation, can be interpreted to assume "statutory rape" is to be defined according to § 2243. So construed, however, this sentence betrays its own force of reason, as, so defined, "statutory rape" would be equally superfluous pre-Medina-Villa with only the single generic federal definition of "sexual abuse of a minor" based on § 2243 as it would be post-Medina-Villa and progeny wherein the second definition was resuscitated. Accordingly, this sentence does not suggest that "statutory rape" is to be defined according to the elements of § 2243.

statute's age of consent is too high,[3] it does not contain a four-year-age-difference requirement,[4] its four-year-age-difference requirement is an affirmative defense rather than an element,[5] or some combination of the above.[6] Simply put, any federal generic definition of "statutory rape" that excludes felony statutory rape statutes in a majority of states is not defined according to the term's "ordinary, contemporary, and common meaning." See Gomez-Mendez, 486 F.3d at 602.

I alternatively hold that the generic federal definition of "statutory rape" does not include a four-year-age-difference element. Accordingly, Oregon's Rape III statute categorically fits within the federal generic definition of "statutory rape." Because I hold that Oregon's Rape III statute categorically qualifies as a

---

[3] La. Rev. Stat. Ann. § 14:80; Mo. Rev. Stat. § 566.032; N.Y. Penal Law § 130.25; 720 Ill. Comp. Stat. 5/11-1.60(d); Tenn. Code Ann. § 39-13-506 (a), (d)(1).

[4] Ala. Code § 13A-6-62(a)(1); Conn. Gen. Stat. § 53a-71(a)(1); Ga. Code Ann. § 16-6-3; Ind. Code § 35-42-4-9(a); Mass. Gen. Laws ch. 265, § 23; Mich. Comp. Laws § 750.520d(1)(a); Minn. Stat. § 609.344(1)(b); Miss. Code Ann. § 97-3-65(1)(a); Mont. Code Ann. §§ 45-5-501(1)(a)(ii)(D), 45-5-503(1); Neb. Rev. Stat. § 28-319; Okla. Stat. tit. 21 §§ 1111-1116; Or. Rev. Stat. § 163.355; R.I. Gen. Laws § 11-37-6; S.C. Code Ann. § 16-3-655(C); S.D. Codified Laws § 22-22-1(5); Wis. Stat. § 948.02(2).

[5] De. Code. Ann. tit. 11 §§ 762(d), 770(a)(1); Utah Code Ann. § 76-5-401; see also Velasquez-Bosque, 601 F.3d at 963.

[6] Ariz. Rev. Stat. Ann. §§ 13-1405, 13-1407(F); Cal. Penal Code § 261.5(c); Idaho Code Ann. § 18-6101(1), (2); Tex. Penal Code Ann. § 22.011(a)(2)(A), (c)(1), (e).

"forcible sex offense" or, alternatively, "statutory rape," the sixteen-point enhancement is appropriate.

IT IS SO ORDERED.

DATED this 10 day of July, 2013.

Malcolm F. Marsh

Malcolm F. Marsh
United States District Judge